# United States Court of Federal Claims

No. 15-938
Filed: May 11, 2017

_____

BRUCE CIAPESSONI, et al,                )
                                         )
             Plaintiffs,                 )
                                         )
        v.                               )
                                         )
THE UNITED STATES,                       )
                                         )
             Defendant.                  )
_____

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION

THIS CAUSE came before the Court on Plaintiffs' Motion to Certify Class Action pursuant to Rule 23 of the United States Court of Federal Claims (the "Motion") [Dkt. 12, 13]. The parties subsequently stipulated to the revised class definitions set forth below. The Court, having reviewed the Motion, hereby:

ORDERS AND ADJUDGES;

1. The Motion is GRANTED;

2. This case is certified as a class action under RCFC 23(b)(2) and 23(b)(3) for purposes of litigation and trial.

3. Based on the findings articulated below and pursuant to RCFC 23(c)(1)(B), the Court hereby certifies the following two litigation classes:

    - **Class:** All producers as defined in 7 C.F.R. § 989.11 and other persons as defined in 7 C.F.R. § 989.3 (collectively, "Producers") whose Natural Seedless raisins were acquired by handlers pursuant to 7 C.F.R. § 989.17 and set aside for the account of the Raisin Administrative Committee pursuant to 7 C.F.R. § 989.66(a) in the 2002–2003, 2003–2004, 2005–2006, 2006–2007, 2007–2008, 2008–2009, and 2009–2010 crop years; however, notwithstanding anything in this order to the contrary, this class shall exclude all Producers named as plaintiffs in *Evans v. United States*,

No. 06-439 (Fed. Cl.),[1] from any claim concerning a crop year prior to the 2007–2008 crop year. For clarity: any Class claim(s) shall not concern a crop year other than the 2002–2003, 2003–2004, 2005–2006, 2006–2007, 2007–2008, 2008–2009, and 2009–2010 crop years.

- **Subclass:** All Producers whose Natural Seedless raisins were acquired by handlers pursuant to 7 C.F.R. § 989.17 and set aside for the account of the Raisin Administrative Committee pursuant to 7 C.F.R. § 989.66(a) in the 2009–2010 crop year. For clarity: any Subclass claim(s) shall not concern a crop year other than the 2009–2010 crop year.

(The Class and Subclass are referred to in this order collectively as the "Classes.")

4. Defendant submits that it respectfully objects to the certification of the Class, including (without limitation) because all claims regarding the Class crop years except 2009–2010, or any subset of those crop years except 2009–2010, are barred by the statute of limitations. Defendant also acknowledges, however, that this Court previously decided not to dismiss, on statute of limitations grounds, claims regarding the Class crop years—and decided this, specifically, in the Court's November 29, 2016 Opinions and Orders in *Boyajian v. United States*, No. 15-1574 (docket entry 29) (as to crop years 2007–2008, 2008–2009, and 2009-2010); *Ciapessoni v. United States*, No. 15-938 (docket entry 54) (as to crop years 2002–2003, 2003–2004, 2005– 2006, 2006–2007, 2007–2008, and 2008–2009); and *Lion Farms, LLC v. United States*, No. 15-915 (docket entry 39) (as to crop years 2006-2007, 2007–2008, and 2008–2009). The parties agree that Defendant preserves for appellate review Defendant's objections to the Class. The parties agree also that Defendant's not objecting, as of the date of this order, to the definition or certification of any class shall not be construed to waive or otherwise to fail to preserve any issue for appeal.

5. The parties agree that Defendant reserves all its rights to object and to seek amendment to any class or subclass definition or certification, based on information obtained during this litigation or for any other reason. Defendant's reservation includes (without limitation) the reservation of the right to seek at any later date a division of any plaintiff class into separate classes or subclasses, whether based on information obtained during this litigation or for any other

---

[1] The named *Evans* plaintiffs are: Joyce Evans, Mike Arabian d/b/a Arabian Farms, Aulakh Farms, Inc., Jack and Mary Blehm, Earl Boyajian, Lynden Brack, Richard and Sally Chavez d/b/a Chavez Farms, Neil Donovan, William Donovan, David Flagler, Walter George Flagler d/b/a Flagler Farms, Chris Gauss, Brad Hansen, David & Melanie Horne d/b/a M&D Farming, Mike Jerkovich, Kuldip and Charanjit Kaleka d/b/a Kaleka Farms, Loren T. Linscheid d/b/a Linscheid Farms, Michael A. Logoluso, Rick L. Logoluso, Tony M. Logoluso, Wayne McFarlane, Mike Moles, Hunter Nadler, Tom and Teresa Ochoa d/b/a Ochoa Farms, Gregory and Donna Patterson, Morris Pivovaroff, Peter Ramirez, Robert Schneider, Dale Sedoo, Walt Shubin, Wayne Snell, Srabian Farms GP, and Wilkens Farm.

reason. Such separate classes or subclasses might include (without limitation) classes or subclasses defined with respect to a certain crop year or crop years; classes or subclasses of individuals and/or entities with types of businesses or ownership interests that are materially distinct from the types of businesses or ownership interests of other members of one of the Classes; and classes or subclasses of individuals and/or entities distinct from other members of one of the Classes by being barred, to any extent, by a statute of limitations, possibly including individuals and/or entities that did not rely on, or that may not benefit from, the accrual-suspension rule, whether in relation to *Evans v. United States*, 74 Fed. Cl. 554 (2006), or otherwise.

6. The parties agree that Plaintiffs reserve all their rights to seek amendment to any class or subclass definition or certification, to object to any motion to create separate classes or subclasses, to join one or more new plaintiffs as class representatives for any such separate classes or subclasses, and to broaden the Class to include the 1999–2000, 2000–2001, and 2001–2002 crop years, if on appellate review it is determined that such crop years fall within the applicable limitations period, as Plaintiffs respectfully contend and reserve their appellate rights pertaining thereto.

7. For the reasons set forth in the Court's November 2016 decisions referenced above, the Court denies Defendant's objections to the certification of classes for claims concerning the 2002–2003, 2003–2004, 2005–2006, 2006–2007, 2007–2008, 2008–2009, and 2009-2010 crops. The Court accepts the parties' reservations as set forth in the preceding paragraphs.

8. Plaintiffs allege in Count I of their Class-Action Complaint that they have been deprived of their property by operation of the reserve-pool provisions of the Raisins Produced from Grapes Grown in California (the "Marketing Order"), 7 C.F.R. § 989, and are therefore entitled to just compensation under the Fifth Amendment to the United States Constitution. Pursuant to RCFC 23(c)(1)(B), this claim is certified for class treatment.

9. Pursuant to RCFC 23(a) and 23(b), the Court hereby finds that the prerequisites for a class action have been met. Specifically, certification of the Class and Subclass is warranted because:

    a. Each of the Classes is made up of thousands of Producers and is so numerous that joinder of all members is impracticable;

    b. Plaintiffs' claims for each of the Classes present common issues of law or fact and are typical of the claims of that class, and they stem from acts of the United States that generally apply to the class;

    c. Plaintiffs, Lead Counsel (defined below) and Co-Counsel (defined below) will fairly and adequately represent and protect the members of each of the Classes; and

3

      d.      Common issues predominate over any individual issues affecting the members of each of the Classes.

10. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of each of the Classes, and that proceeding with this action on a class basis is superior to other means of fairly and efficiently adjudicating the controversy.

11. Plaintiffs Bruce Ciapessoni, Elisa Ciapessoni, Bob F. Hansen, Hansen Enterprises, R&H Agri-Enterprises, Eldora Rossi, Rossi & Ciapessoni Farms, and Rossi & Rossi are designated as the representatives of each of the Classes.

12. Pursuant to RCFC 23(g), the Court finds that the appointment of McDermott Will & Emery LLP as "Lead Counsel" and Schubert Jonckheer & Kolbe LLP as "Co-Counsel" is in the best interests of each of the Classes because the firms (a) have zealously represented the interests of each of the Classes in litigating this case; (b) have extensive relevant experience in complex commercial litigation and knowledge of the law applicable to this case; and (c) are willing to commit (and have committed) the resources necessary to represent each of the Classes. Pursuant to RCFC 83.1(c)(1), M. Miller Baker shall be the "attorney of record" for each of the Classes.

13. Defendant shall provide a list of potential members of each of the Classes (the "List") to Plaintiffs by **June 5, 2017**. The List shall include, for each of the Classes, the names of individuals and/or entities that are potential class members and the current or last known mailing address of each such individual or entity, if such address is possessed by the Raisin Administrative Committee, by June 5, 2017.

14. If, after **June 5, 2017**, Plaintiffs discover the identity of additional potential members of either of the Classes to whom Plaintiffs believe that notice should be provided, Plaintiff shall promptly inform Defendant. Defendant shall have an opportunity to object to any additional potential class members within 14 calendar days from the date that Plaintiffs identify the newly discovered potential class members, by forwarding Defendant's objections to Plaintiffs by electronic mail. If the parties are unable to resolve any of Defendant's objections to the newly discovered potential class members, they shall file a joint motion setting out in separate sections their respective positions for resolution by the Court.

15. Pursuant to the RCFC 23(c)(2), Lead Counsel shall submit to the Court a proposed notice plan and opt-in schedule for the Classes, in compliance with the requirements of RCFC 23(c)(2)(B), by **June 19, 2017**. The schedule shall provide an initial 60-day "opt in" period, for potential class members to opt into either or both of the Classes, followed immediately by a 30-day "good cause opt in" period during which potential class members may opt into either or both of

the Classes only for good cause shown.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge